UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEREMY C. VAUGHN,

        Plaintiff,

        v.                               Case No. 25-cv-1389-bbc

CAPT RITASCHKE,
STATE OF WISCONSIN,
CO GESNADA,
DODGE COUNTY,
CO MS O,
CO CHANGE,
DODGE CORRECTIONAL INSTITUTION,
WISCONSIN DEPARTMENT OF CORRECTIONS, and
JOHN/JANE DOES,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Jeremy Vaughn, who is currently serving a state prison sentence at the Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Vaughn's motion for leave to proceed without prepaying the full filing fee, his motion to waive the initial partial filing fee, his motion to appoint counsel, and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Vaughn has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Vaughn has filed a certified copy of his prison trust account statement for the five-month period immediately preceding the filing of

his complaint. On October 3, 2025, Vaughn filed a motion asking the Court to waive his obligation to pay an initial partial filing fee. He explains that the limited income he earns each month is deducted from his account to pay outstanding loans and fees. A review of Vaughn's trust account statement reveals that he lacks the assets and means to pay an initial partial filing fee, so the Court will grant his motion to waive the initial partial filing fee and will grant his motion to proceed *in form pauperis*. *See* 28 U.S.C. §1915(b)(4).

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Vaughn, in late-August 2025, he and his cellmate had been feeling really sick for about a day, so he submitted a request to be seen by medical staff. Vaughn explains that his cellmate became extremely ill, so he informed CO Ms. O that his cellmate needed to see a nurse. Vaughn's cellmate received a pass and about forty minutes later came back with a mask and allegedly told Vaughn that he tested positive for Covid and that staff would move Vaughn to a new cell.

Vaughn explains that he did not want to get anyone sick, so he "begged" Ms. O to inform the health services unit that he also was sick and should not be moved to a new cell. Vaughn asserts that his repeated requests were denied. He also was denied the opportunity to speak with Captain Ritaschke. Vaughn also asked CO Chang and CO Gesnada not to move him, but his requests were ignored and allegedly mocked. Vaughn alleges that he was told to fill out a form and a nurse would see him in the morning.

Vaughn asserts that he entered his new cell and informed his new cellmate that he and his former cellmate had been sick and that his former cellmate tested positive for Covid. Vaughn asserts there was a short delay in him getting sheets to sleep on because he had left his old bedding in his prior cell. Vaughn explains that the next day he was called down to the health services unit.

3

He states that he tested positive for Covid and was "given treatment." The nurse allegedly apologized for what happened the day before. Vaughn asserts that he was then moved back to his original cell.

## ANALYSIS

Vaughn asserts that his constitutional rights were violated when he was temporarily moved to a new cell after his cellmate tested positive for Covid. Vaughn fails to state a claim upon which relief can be granted because he suffered no harm from the alleged violation. Under §1983, "a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011). Here, Vaughn, who was already sick, was unimpacted by his movement to a new cell. His condition remained the same whether he stayed in his original cell or was moved to a new cell. Vaughn cannot sue for damages based on injuries caused to others, and, in any event, it does not appear that anyone got sick from his temporary movement to a new cell.

Vaughn also fails to state a claim because he does not allege that he was suffering from a sufficiently serious medical condition. The Seventh Circuit has "found the following circumstances to be indications that a prisoner has a serious medical need: The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (cleaned up). Vaughn fails to describe his symptoms, but people with Covid typically have body aches, a low-grade fever, congestion, and fatigue—in other words, a bad cold. It is rare that people with run-of-the-mill symptoms such as these are evaluated by a medical professional. Indeed, the most common treatment is rest, which is exactly what Vaughn did once

4

he arrived in his new cell. While it is never pleasant to be sick, nothing suggests that Vaughn was suffering from symptoms requiring immediate care or that he was harmed by the short delay in being seen by a nurse.

Finally, Vaughn fails to state a claim based on allegations that at least one officer was rude in response to his concerns about infecting others. While perhaps unprofessional, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015); *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009) ("harassment, while regrettable, is not what comes to mind when one thinks of cruel and unusual punishment").

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Vaughn believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **January 9, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. Vaughn is cautioned not to rehash the same allegations, which the Court has explained fail to state a claim upon which relief can be granted. If an amended complaint is not received, the Court will dismiss this action based on Vaughn's failure to state a claim in his original complaint. If Vaughn does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

## MOTION TO APPOINT COUNSEL

On November 10, 2025, Vaughn filed a motion to appoint counsel. He asserts that he has inadequate resources to attempt to find a lawyer without the Court's help. He also asserts that he has to rely on the help of other inmates and that he continues to argue with staff about his legal loan. He believes a lawyer would help his claim, legal costs, and supplies.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

Vaughn has not satisfied the first prong of the standard. The mere fact that he is indigent—a reality for nearly all prisoners—does not relieve him of the obligation to make efforts to locate a lawyer without the Court's help. The Court will therefore deny his motion to appoint counsel on that basis. The Court notes, however, that even if Vaughn had satisfied the first prong, the Court would have denied his motion because he appears capable of representing himself at this stage of the case. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience,

intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

All that Vaughn must do at this stage is decide whether he wants to file an amended complaint. In the event he decides to file an amended complaint, he is reminded that his amended complaint need not—indeed, *should* not—contain legal arguments or case citations. Vaughn should prepare his amended complaint like he is telling a story to someone who knows nothing about the facts of his case. Vaughn has personal knowledge of what happened, so the Court is confident that he can prepare an amended complaint on his own. The Court encourages Vaughn to review the enclosed litigation guide. The guide contains helpful information about how the case will proceed and has a glossary of commonly used legal terminology.

If new challenges arise that Vaughn does not believe he can overcome on his own, he may renew his motion. If he does so, he should be specific about the challenges he faces and the efforts he has made to overcome them. He should also specifically describe the efforts he made to locate a lawyer without the Court's help, including identifying at least three lawyers that he contacted. He should state when he contacted them and enclose copies of any responses he received from them.

**IT IS THEREFORE ORDERED** that Vaughn's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Vaughn's motion to waive the initial partial filing fee (Dkt. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Vaughn's motion to appoint counsel (Dkt. No. 10) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **January 9, 2026**, Vaughn may file an amended complaint if he believes he can cure the defects in the original complaint as described int this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Vaughn a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Vaughn shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Vaughn's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Vaughn is transferred to another institution, the transferring institution shall forward a copy of this Order along with Vaughn's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Vaughn is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

8

Case 1:25-cv-01389-BBC    Filed 12/15/25    Page 8 of 9    Document 13

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Vaughn is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on December 15, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge